## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROBERT STANLEY MORGAN, JR.,   )
                                )
         Plaintiff,          )
                                )
      v.                   )       No. 4:12CV452 HEA
                                )
MARK NEILL, et al.,         )
                                )
         Defendants.      )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Robert Morgan, Jr., for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or

fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Mark Neill, Linda Powers, David Dowd (Circuit Court Judge), Tara Crane (Assistant Public Defender), Michael Armour (Psychiatrist, St. Louis Psychiatric Rehabilitation Center), Ratna Thakur (same), Susan Boyer-Mathi (same), William Tucker (Assistant Public Defender), and Teresa Bomkamp (Assistant Prosecutor).

Plaintiff alleges that he was maliciously prosecuted in a 1999 criminal action, for which he was convicted of driving while intoxicated. State v. Morgan, No. 2291-01709 (22nd Judicial Circuit, St. Louis City). Plaintiff's sentence was suspended and plaintiff was placed on probation. Id. Defendant Dowd revoked plaintiff's probation on February 16, 2004, and sentence him to incarceration. Id.

Plaintiff claims that he was sent to the Missouri Department of Mental Health as a result of the probation revocation. Plaintiff says that he was informed by his doctors that he would be found incompetent until he accepted treatment for tuberculosis and Hepatitis B, which he claims he did not have.

**Discussion**

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). The most recent events alleged in the complaint occurred in 2004. As a result, the complaint is barred by the statute of limitations.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in

§ 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that any of the named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

The complaint is legally frivolous as to defendant Dowd because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

The complaint is legally frivolous as to defendant Bomkamp because where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

The complaint fails to state a claim upon which relief can be granted as to defendants Crane and Tucker because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 13th day of April, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE